**In re Eric P. SCRUGGS IV and Shauna K. Scruggs, Debtors.**

**No. 4:05–bk–40332.**

United States Bankruptcy Court, E.D. Arkansas, Western Division.

May 31, 2006.

---

Robert R. Danecki, Little Rock, AR, for Debtors.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On December 19, 2005, Eric and Shauna Scruggs ("Debtors") filed a voluntary petition for relief under the provisions of Chapter 13. The Debtors' plan proposed to pay the sum of $854.00 per month to the Trustee for a period of 60 months. The plan listed the debt owed to GMAC as $38,519.00 and included payments to GMAC under the heading of "PMSI Secured Claims to which § 506 Valuation is Not Applicable" in the monthly sum of $641.99 without interest on the unpaid principal over the life of the plan.

GMAC filed a timely objection to confirmation of the plan and the hearing was held in Little Rock, Arkansas, on March 24, 2006, with the matter taken under advisement based on stipulations of fact and briefs filed by the parties.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to enter a final judgment in this case.

### I.

### FACTS

The facts are straightforward and not in dispute. On August 27, 2004, which is within 910 days from the date the petition for relief was filed, the Debtors purchased a 2004 Chevrolet Tahoe. At the time of the purchase, the Debtors signed a Retail Installment Sales Contract and GMAC purchased this contract from Harold Gwatney Chevrolet Company. (Joint Stipulation of Facts # 1, April 3, 2006.) To se-

cure repayment of the indebtedness, GMAC properly perfected a security interest in the vehicle under applicable provisions of state law. (Joint Stipulation of Facts # 2, April 3, 2006.) The parties stipulated that the vehicle is used primarily for personal, family or household use. (Joint Stipulation of Facts # 3, April 3, 2006.) The installment contract for the purchase price of the vehicle is in the original principal sum of $48,148.80 with interest accruing at the rate of 0% percent per annum for a period of 60 months commencing on October 11, 2004, with payments due in the sum of $802.48 per month. (Joint Stipulation of Facts # 4, April 3, 2006.)

The parties further stipulated that there is no equity in the vehicle and that the market rate of interest sanctioned by the Supreme Court in the case of *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004) is 8%. (Joint Stipulation of Facts # 9–10, April 3, 2006.)

## II

## ARGUMENT

GMAC asserts that the plan fails to propose to pay GMAC the present value of its claim over the life of the plan as required by 11 U.S.C. § 1325(a)(5)(B)(ii)[1] and that, in order to satisfy that requirement, the Debtors' plan must propose to pay interest on its secured claim at the rate prescribed by the *Till* case.

The Debtors argue that the amendment set forth at the end of 11 U.S.C. § 1325(a), known as the "hanging paragraph," eliminates the application of 11 U.S.C. § 506 to section 1325(a)(5), thereby rendering the claim of GMAC unsecured for purposes of bankruptcy law. Therefore, the Debtors

conclude, GMAC is not entitled to interest on its claim.

## III

## DISCUSSION

■ The discussion begins, as it must, with the language of the applicable statutes of the Bankruptcy Code. Section 1322(b)(2) of the Code provides in relevant part: "(b) ... the plan may ... (2) modify the rights of holders of secured claims, ... or leave unaffected the rights of holders of any class of claims; ..."

Section 1325(a)(5)(B)(ii) of the Code states the following:

> (a) ... the court shall confirm a plan if—
>
> ...
>
> (5) with respect to each allowed secured claim provided for by the plan;
>
> ......
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; ...

Amendments to the Code under BAPCPA inserted the following, an unmarked "hanging paragraph," after subsection (a)(9) of section 1325:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910–day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the

1. All further statutory citations will be to the text of the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L.No. 109–8, 119 Stat. 23 ("BAPCPA").

debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1–year period preceding that filing.

■ For a creditor to hold a valid secured claim in a bankruptcy case, the creditor must comply with applicable state law. Arkansas Code Annotated § 4–9–102(73) (Michie Supp.2005) defines a secured party as "(A) a person in whose favor a security interest is created or provided for under a security agreement, ..." In the case of personal property, a creditor holds a secured claim if the debtor grants to the creditor a security interest in property in which the debtor has property rights and the creditor has given value for the security interest. Ark.Code Ann. § 4–9–203 (Michie 2001). As previously stated, the parties in this case have stipulated that GMAC holds a properly perfected purchase money security interest in the Debtors' vehicle. Under Arkansas law, the only conclusion is that GMAC is a secured party. GMAC correctly points out that its claim for $38,057.63 has not been objected to and therefore it has an allowed claim in that amount under 11 U.S.C. § 502(a).

Section 506(a)(1) defines the extent or amount of a secured claim for purposes of treatment under the Bankruptcy Code. Section 506(a)(1) recognizes the reality of the effect that the value of the collateral has on the actual amount of a secured claim. The statute's application can reduce the amount of a secured claim if the value of the collateral is less than the full amount of the debt. However, section 506(a)(1) does not act to create secured claims. Congress has determined that in the case of vehicles purchased within 910 days of the petition date the Debtor must pay the full amount of the claim regardless of the value of the collateral.

The Debtors' argument that GMAC does not have a secured claim because of the elimination of the application of section 506 to section 1325 has been rejected by most courts which have considered the issue. See In re DeSardi, 340 B.R. 790, 812–13 (Bankr.S.D.Texas 2006)(stating that "The effect of the 910–paragraph is not to make the claims not 'secured.' Rather, it is to remove the § 506 definition of 'secured' from being applicable in § 1325."); In re Fleming, 339 B.R. 716, 722 (Bankr.E.D.Mo.2006)(finding that "each [910] Car Creditor's secured claim is allowed in the amount of the balance owed as of the petition date. The value of the collateral is irrelevant ..."); Daimler-Chrysler Fin. Servs. Ams. LLC v. Brown (In re Brown), 339 B.R. 818, 820 (Bankr.S.D.Ga.2006)(holding that "the unnumbered paragraph in § 1325 does not alter the claims described in the paragraph as secured and does not exempt such claims from the present value requirement in § 1325(a)(5)(B)(ii)."); In re Wright, 338 B.R. 917, 919–920 (Bankr.M.D.Ala.2006)(stating that secured claims that fit under the new car provision must be treated as fully secured); In re Horn, 338 B.R. 110, 113 (Bankr.M.D.Ala.2006)(ruling that "If § 506 does not apply, the creditor's claim must be treated under the plan as fully secured."); In re Robinson, 338 B.R. 70, 75 (Bankr.W.D.Mo.2006)(concluding that statute only means that debtors have to pay full amount of debt plus interest at rate endorsed by Till); In re Johnson, 337 B.R. 269, 272 (Bankr.M.D.N.C.2006)(finding that statute merely provides debtors may not bifurcate claim of a secured creditor with a claim which is covered by statute).

The Debtors cite the case of In re Carver, 338 B.R. 521 (Bankr.S.D.Ga.2006) in support of their position that a "910" claim is not a secured claim. In that case, the court concluded that because the "hanging paragraph" eliminates the application of

section 506, the creditor no longer has a secured claim and must be paid an amount calculated as if the 11 U.S.C. § 1111(b) election applied. *In re Carver* does not fully support the Debtors' argument because the 1111(b) election requires the plan to pay an amount equal to the greater of the present value of the secured portion of the creditor's claim or the full amount of the claim without interest, whichever is the larger amount. *See* 11 U.S.C. § 1111(b). Also, 11 U.S.C. § 1111(b) only has application in Chapter 11 cases. The reasoning in *In re Carver* is not sound, and the Court declines to follow it.

■ The allowed secured claim does not bear any interest by the terms of the Retail Installment Sales Contract; therefore, the question is whether section 1325 requires that interest be paid if the contract itself does not call for the payment of interest.

Section 1325(a)(5)(B)(ii) of the Code requires, as to secured claims, that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; ..." This means that if the plan proposes to pay the claim in installments over time, interest must be added to the payment to arrive at the present value of the claim. *See Till v. S.C.S. Credit Corp.*, 541 U.S. at 474, 124 S.Ct. 1951; 8 Collier on Bankruptcy ¶ 1325.06[3], p. 1325–41 (15th ed. rev'd 2006). The contract rate of interest is irrelevant.

The Debtor makes no argument that any interest rate other than 0% should apply and has stipulated that the rate that fits the requirements of Till is 8%. Most courts agree that the amendments contained in BAPCPA did not overrule the Till decision, and that case is still binding precedent for establishing the proper interest rate even in cases where the credi-

tor's debt is secured by a "910" vehicle. *See, e.g., In re DeSardi*, 340 B.R. at 794–95; *In re Brown*, 339 B.R. at 822; *In re Wright*, 338 B.R. at 920; *In re Robinson*, 338 B.R. at 75.

Therefore, for these reasons, the objection to confirmation is sustained. The Debtors have 20 days to file a modified plan to pay GMAC the entire balance of its claim as of the petition date, plus interest at the rate of 8% per annum over the life of the plan.

IT IS SO ORDERED.