In re: Gary D. GRUNAU, Jacquelyn M. Grunau, Debtors.

No. 9:06BK02573 ALP.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Oct. 4, 2006.

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtors.

*ORDER ON MOTION BY GENERAL MOTORS ACCEPTANCE CORPORATION FOR RELIEF FROM CONFIRMATION ORDER AND FOR REHEARING ON ITS OBJECTION TO CHAPTER 13 PLAN* (Doc. No. 34)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 13 Case of Gary Grunau and Jacquelyn Grunau (Debtors) is a Motion by General Motors Acceptance Corporation (Creditor) for Relief from Confirmation Order and for Rehearing on its Objection to Chapter 13 Plan filed on August 7, 2006. (Doc. No. 34).

The Creditor's objection to the Debtor's Chapter 13 Plan is based on the Debtors' restructuring the repayment plan on the Creditor's loan by extending the payment period over the life of the Chapter 13 Plan, thereby lowering the Debtors' monthly payment on the loan, while paying an interest rate of four percent on the debt. The Creditor contends that the interest rate provided for in the Chapter 13 Plan filed by the Debtors is contrary to Section 1325(a)(5)(B)(ii) of the Bankruptcy Code and to the Supreme Court's decision in *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004). *Till* requires interest to be paid on cramdown loans at the prime rate plus a factor that may vary, but is frequently between one and three percent, based on the risk to the objecting creditor.

In opposition, the Debtors contend that the Plan rate does not violate *Till* and is adequate because it provides a rate increase of four percent above the zero percent repayment rate provided for in the original contract. The Debtors further contend that because the Creditor is oversecured and the Plan requires the payments to be made to the trustee on a monthly basis, there is no risk to the Creditor to be factored into the appropriate interest rate.

The facts relevant to the resolution of this matter are without dispute and are as follows. The Debtors filed their Petition for Relief under Chapter 13 of the Bankruptcy Code on May 26, 2006. Accompanying the Petition was the Debtors' Plan, which proposed to pay the full value of the Creditor's secured claim of $12,393.92 over the 60–month life of the Plan, plus four percent interest.

The Creditor has a security interest in the Debtors' 2002 GMC Light Duty Yukon

XL–V8, the retail value of which on the date of filing was $18,875.00. The installment contract entered into by the Debtor and the Creditor provided for payments of $726.69 per month for 60 months with zero percent interest. The Debtors' Plan proposes monthly payments of $276.00 over the 60–month life of the Plan.

The Creditor filed an Objection to the Plan on June 16, 2006, claiming that the interest rate was too low. On August 4, 2006 this Court entered an Order Confirming Plan (Doc. No. 32). On August 7th the Creditor filed the Motion now before the Court. A hearing was scheduled on the Motion, at which time the Court took the matter under advisement and ordered Creditor and Debtor to each file a memorandum of supporting law.

From the foregoing facts it is clear that the primary issue is whether the Supreme Court's interpretation of Section 1325(a)(5)(B) of the Bankruptcy Code requires these Debtors pay an interest rate based on the market rate plus a risk factor, or whether they have leeway to award a lesser interest rate, although still more than the rate under the original contract.

Section 1325(a)(5)(B) of the Bankruptcy Code addresses cramdowns, which are situations when a debtor's plan is approved over the objection of a secured creditor. This section provides that the bankruptcy court shall confirm a plan if, with respect to each allowed secured claim provided for by the plan, either the holder of the claim has consented to the plan, or the value of property to be distributed under the plan on account of such claim, as of the effective date of the plan, is not less than the allowed amount of such claims; and if the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim

adequate protection during the period of the plan. 11 U.S.C. 1325(a)(5)(B).

Prior to the Supreme Court's decision in *Till,* the districts were divided on the method to use to determine the appropriate interest rate that debtor's should pay crammed-down creditors on their claims. The four primary methods used to determine the interest rate were the "coerced loan" method, the "cost of funds" method, the "presumptive contract rate" method, and the "formula" method. *See Till,* 541 U.S. at 471–73, 124 S.Ct. 1951. Courts also differed occasionally in their treatment of oversecured versus undersecured creditors, awarding oversecured creditors only the interest rate provided in the original contract under a presumed benefit of the bargain approach. *See In re Pryor,* 341 B.R. 648, 650 (Bankr.C.D.Ill.2006)

In *Till,* the Supreme Court adopted the "prime-plus" formula for Section 1325(a)(5)(B) cramdown cases. *Till,* 541 U.S. at 479–80, 124 S.Ct. 1951. This formulaic approach starts with the prime national interest rate and adjusts it based on the risk of nonpayment. Although the Court was dealing specifically with a "strip-down" case, it is widely understood that its decision applies to all cramdown cases under Section 1325(a)(5)(B).

█ Although it is clear that a plan which proposes to pay a secured creditor's claim in full under the terms of the original contract is not a cramdown, a plan that modifies a secured creditor's rights over the creditor's objection is, in fact, a cramdown that triggers the *Till* requirement. *Pryor,* 341 B.R. at 652. In the present case, the Plan modifies the payment stream by extending the repayment term to the duration of the Plan. It is clear, therefore, that the present value requirement of Section 1325 applies to the Plan. Consequently, the interest rate in the original contract is irrelevant and the plan

must provide for payment of interest in accordance with *Till*, 541 U.S. at 478, 124 S.Ct. 1951; *In re Scruggs*, 342 B.R. 571, 575 (Bankr.E.D.Ark.2006).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED, the Motion By General Motors Acceptance Corporation For Relief From Confirmation Order (Doc. No. 34) be, and the same is hereby Granted. It is further

ORDERED, ADJUDGED AND DE-CREED, the Debtors have 20 days to file a modified Plan to pay General Motors Acceptance Corporation the balance of its claim as of the petition date, plus interest at the Prime Market rate plus a risk factor of two percent (2%).