### In re John R. MONTGOMERY, Kimberly D. Montgomery, Debtors.

No. 06–50043.

United States Bankruptcy Court, E.D. Kentucky, Lexington Division.

May 17, 2006.

Ginger C. Knight, Lexington, Kentucky, for debtors.

### MEMORANDUM OPINION AND ORDER

This matter is before the court for hearing on confirmation and consideration of an objection to confirmation of the Debtors' Chapter 13 Plan filed by secured creditor Regional Acceptance Corporation ("RAC"). The Debtors filed their original Chapter 13 Plan with their petition on January 20, 2006. They subsequently filed amended plans on February 7, 2006 and March 27, 2006. The treatment of the debt to RAC appears to be the same in each version of the Plan, with the value of the collateral, a 2004 Mitsubishi Outlander, set at $13,000.00. The total amount of the claim was set at $22,000.00.

■ RAC filed its objection on May 1, 2006. The confirmation hearing was held on May 4, 2006. Pursuant to this court's Local Rule 3015–3, "an objection to confirmation of a chapter 13 plan .... shall be filed with the court not later than 10 days prior to the hearing on confirmation of the plan ..." E.D. Ky. LBR 3015–3(a)(1). RAC's objection was therefore filed out of time. The fact that the Debtors filed amended plans did not offer RAC an extended opportunity to object as its treatment was not changed by either of the amended plans. The untimeliness of the objection notwithstanding, however, the court will sustain the objection for the reasons set out below.

RAC has filed copies of pertinent documents which show that the Debtors purchased the above-referenced vehicle on July 31, 2004, which was less than 910 days from the date of filing of their Chapter 13 petition. The Debtors' plan proposes to bifurcate the secured claim pursuant to Bankruptcy Code section 506(a)(1), to pay the secured value of the Mitsubishi Outlander in full at an interest rate of 6% and to treat the remainder of the claim as a general unsecured claim.

■ Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), sections

506 and 1325(a)(5)(B) allowed a debtor to bifurcate some secured claims by "cramming down" the secured portion to the value of the collateral as long as the plan provided that the holder of the claim retained its lien. Under BAPCPA the hanging paragraph found after Bankruptcy Code section 1325(a)(9) prohibits bifurcation under section 506(a)(1) in certain instances:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money interest securing the debt that is the subject of the claim, the debt was incurred within the 910–day (sic) preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1–year period preceding that filing.

11 U.S.C. § 1325(a)(9) et seq. Recently the court in *In re Montoya*, 341 B.R. 41 (Bankr.D.Utah 2006), held that this provision prevented bifurcation and cramdown of such a purchase-money motor vehicle lender's secured claim, even where the lender failed to object to the debtor's proposed plan, because the provisions of the proposed plan violated this section of the Bankruptcy Code as amended by BAPCPA. *Id.* This court agrees with this holding, and therefore hereby orders that the Objection to Confirmation by Secured Creditor Regional Acceptance Corporation is sustained and confirmation of the proposed plan is denied. The debtors shall have 15 days from the entry of this Memorandum Opinion and Order to file any further amendments to their plan.