FORD MOTOR CREDIT COMPANY,
LLC, Appellant,

v.

Roger Dale ROBERTSON, Appellee.

Civil Action No. 1:07–00810.
Bankruptcy Petition No. 1:07–10086.

United States District Court,
S.D. West Virginia,
at Bluefield.

July 22, 2008.

Heather L. Kropac, Roahrig Law Firm, Princeton, WV, for appellee.

## MEMORANDUM OPINION AND ORDER

DAVID A. FABER, District Judge.

Pending before the court is Ford Motor Credit Company's appeal (Doc. No. 1 at 3) of the bankruptcy court's September 24, 2007, Order Confirming Chapter 13 Plan (Doc. No. 2–13). For the reasons set forth below, the court vacates the bankruptcy court's order and remands the case.

## I. Background

The Appellee, Roger D. Robertson, purchased a 2006 F–350 pickup truck from Shelor Motor Company on May 27, 2006, under a Retail Installment Sales Contact. (Doc. No. 2–15 at 2.) Pursuant to the sales contract, Ford Motor Credit Company ("Ford") loaned Robertson $34,270.88, which included the cost of the vehicle, taxes, and other required fees, at a rate of 8.79% annually, and Robertson provided Ford with a purchase money security interest in the 2006 F–350. (*Id.*) Ford immediately perfected the security interest and such lien is noted on the vehicle's title. (*Id.* at 3.)

On May 17, 2007, Robertson filed with the United States Bankruptcy Court for the Southern District of West Virginia a Petition for Chapter 13 Bankruptcy (Doc. No. 2–8) and associated Plan (Doc. No. 2–9). The Plan proposed that Robertson pay Ford $34,279.16 without interest over the course of sixty months and that upon completion of the payments Ford turn over the title to the 2006 F–350, lien free. (Doc. No. 2–9 at 7.)

The bankruptcy court transmitted the Plan to Robertson's creditors, including Ford pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure. Ford then filed a secured proof of claim in the amount of $30,265.76 on June 13, 2007, (Doc. No. 2–15), and simultaneously objected to the Plan, arguing that it violates Title 11 United States Code Section 1325 because it does not provide for the payment of interest over the course of the sixty-month period (Doc. No. 2–11). Specifically, Ford requested an interest rate of one to three percentage points above the prime rate (8.25%). (*Id.*) Robertson, by counsel, responded in opposition arguing that where the book value of the 2006 F–350 is only $24,975.00, the proposed Plan pays Ford over $10,000.00 more than the value of the collateral and is therefore proper pursuant to Title 11 United States Code Section 1326. (Doc. No. 2–12.)

During a September 14, 2007, hearing, the bankruptcy court overruled Ford's objections, stating that the only "obligation of the debtor [Robertson] is to pay the claim [Ford's secured claim] in full over the life of the plan without interest." (Doc. No. 2–14 at 8.) Specifically, the bankruptcy court reasoned that Title 11 United States Code Section 506 did not apply to the instant matter and therefore no section of the bankruptcy code requires interest to be paid on Ford's secured claim.[1] (*Id.*) On September 24, 2007, the Plan was confirmed and Ford's objection overruled in writing. (Doc. No. 2–13.) The plan, as confirmed, provided that Robertson pay Ford $30,265.76 without interest over the course of sixty months and that upon completion of the payments Ford turn over the title to the 2006 F–350, lien free. (*Id.*)

---

1. Although the bankruptcy court did not make written findings of fact or conclusions of law regarding Ford's objection, it indicated during a telephone hearing that it overruled Ford's objection based upon its prior holding in *In re Cook,* No. 06–50169 (S.D.W.Va. Aug. 27, 2007).

Ford immediately filed its Notice of Appeal. (Doc. No. 2–4.) This court received the appeal and the record on December 12, 2007, (Doc. Nos. 1, 2) and shortly thereafter set a briefing schedule (Doc. No. 3). Ford filed its initial brief on January 22, 2008, (Doc. No. 4), to which Robertson responded on February 6, 2008 (Doc. No. 5). Ford replied on February 18, 2008, (Doc. No. 6), and accordingly the question is ripe for review.

## II. Jurisdiction and Standard of Review

This court is vested with jurisdiction pursuant to 28 U.S.C. § 158(a) and Rule 8002 of the Federal Rules of Bankruptcy Procedure. The bankruptcy court's factual findings are entitled to deference and are consequently reviewed only for clear error. Fed. R. Bankr.P. 8013; *In re Ekenasi*, 325 F.3d 541, 544 (4th Cir.2003). Under the "clearly erroneous" standard, "findings of fact will be affirmed unless [the appellate court's] review of the entire record leaves [it] with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir.1985). Although the court is to apply the "clearly erroneous" standard of review for the bankruptcy court's findings of fact, the bankruptcy court's conclusions of law are reviewed de novo. *In re Ekenasi*, 325 F.3d at 544.

## III. Analysis

Chapter 13 of the Bankruptcy Code affords a reorganization remedy for consumers and business owners with rela-

tively small debts. *Johnson v. Home State Bank*, 501 U.S. 78, 82, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). A debtor who qualifies for Chapter 13 relief may submit a plan that modifies the rights of secured and unsecured creditors. 11 U.S.C. § 1322(b). The bankruptcy court will confirm the plan so long as it satisfies the requirements of Title 11 United States Code Section 1325(a). Particularly, under Section 1325(a)(5)(B)(II)(ii), a plan's proposed treatment of an "allowed secured claim" will not be confirmed unless "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." The phrase "as of the effective date of the plan" refers to the present value of a claim, and therefore entitles the holder to a reasonable rate of interest where full payment is deferred over a period of time. *See Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004); *In re Phillips*, 362 B.R. 284, 306–07 (Bankr. D.Va.2007); *In re Vandernick*, No. 07–1068, 2008 WL 901685, at *1 (Bankr. N.D.W.Va. Mar. 31, 2008) ("This requirement ['as of the effective date of the plan'] is generally understood to mandate the payment of interest to account for the time value of money.")(internal citation omitted).

In support of its decision to overrule Ford's objection to the confirmation of the Plan, it appears the bankruptcy court reasoned that since the hanging paragraph of Section 1325(a)[2] renders Section 506[3] in-

---

**2.** The awkwardly worded hanging paragraph contained at the end of Section 1325(a) reads as follows:

"For the purpose of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the

debt was incurred within the 910–day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1–year period preceding that filing."

applicable to Ford's 910 Motor Vehicle Claim, Ford could not be considered as having an "allowed secured claim" for purposes of Section 1325(a)(5)(B)(II)(ii), which as stated above requires a reasonable rate of interest where full payment of the debt is deferred over a period of time. (Doc. Nos. 2–13, 2–14.) Although the bankruptcy court did not make written findings of fact or conclusions of law as urged by Rule 52 of the Federal Rules of Civil Procedure, it did state that in overruling Ford's objection it was relying on its own opinion in the case of *In re Cook*, No. 06–50169 (S.D.W.Va. Aug. 27, 2007) which in turn relies almost exclusively on *In re Wampler*, 345 B.R. 730 (Bankr.D.Kan.2006).

The viability of *Wampler* and its very limited progeny, however, is dubious at best and completely non-existent at worst. See *In re Wilson*, 374 B.R. 251, 253 (10th Cir. BAP 2007); *In re Trejos*, 374 B.R. 210 (9th Cir. BAP 2007); *In re Taranto*, 365 B.R. 85 (6th Cir. BAP 2007); *Citifinancial Auto v. Hernandez–Simpson*, 369 B.R. 36, 42 (D.Kan.2007); *In re Thomas*, No. 06–21363, 2007 WL 2462664, at *1 (Bankr. D.Kan. Aug. 27, 2007); *In re Ellegood*, 362 B.R. 696, 699–700 (Bankr.E.D.Va.2007) (concluding "that the negation of the operation of Section 506 of the Bankruptcy Code on claims described in the 'hanging paragraph' does not have the legal effect of rendering such claims unsecured.").

Indeed, the vast majority of courts have held that "the language of the hanging paragraph means only that claims falling within its ambit can't be bifurcated [and] does not mean that such claims are not secured; thus, post-petition interest must be provided for in the plan." *In re Vandernick*, No. 07–1068, 2008 WL 901685, at *2 (Bankr.N.D.W.Va. Mar. 31, 2008); see also *In re Phillips*, 362 B.R. 284, 306 (Bankr.E.D.Va.2007) ("[T]he overwhelming majority [of courts] have held that interest on a [910 Motor Vehicle Claim] must be paid at the *Till* rate.").

This court agrees with the majority position that the hanging paragraph of Section 1325(a) does not render a 910 Motor Vehicle Claim unsecured. Accordingly, Ford's 910 Motor Vehicle Claim is an "allowed secured claim" and entitled to the *Till* rate of interest which is the national prime rate of interest adjusted as appropriate so as to compensate Ford for the time value of its money and the risk of default. Moreover, the *Till* analysis governs regardless of whether the contract rate of interest is less than the market prime rate. See *In re Taranto*, 365 B.R. 85, 90 (6th Cir. BAP 2007) (internal citation omitted).

## IV. Conclusion

For the reasons stated above, the court **VACATES** the bankruptcy court's September 24, 2007, Order Confirming Robertson's Chapter 13 Plan (Doc. No. 2–13), and **REMANDS** for further proceedings consistent with this Memorandum Opinion and Order.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to

11 U.S.C. § 1325(a). In the instant case, it appears that all parties and the bankruptcy court agree that Ford's claim fits squarely within the hanging paragraph and therefore constitutes a "910 Motor Vehicle Claim."

**3.** The bifurcation or claim valuation paragraph of Section 506 provides in relevant part that:

"[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim."
11 U.S.C. § 506(a)(1).

all counsel of record;  Helen M. Morris, United States Trustee;  and the Honorable Ronald G. Pearson, United States Bankruptcy Judge.