RECOMMENDED FOR PUBLICATION
File Name: 26b0001p.06

# BANKRUPTCY APPELLATE PANEL

OF THE SIXTH CIRCUIT

---

IN RE: SHARENNE L. TUCKER,

> *Debtor.*

_____

SHARENNE L. TUCKER,

> *Debtor-Appellee,*

*v.*

SANTANDER CONSUMER USA INC.,

> *Creditor-Appellant.*

No. 25-8010

---

Appeal from the United States Bankruptcy Court for the Northern District of Ohio at Cleveland.
No. 1:24-bk-12081—Suzana K. Koch, Bankruptcy Judge.

Decided and Filed: March 30, 2026

Before: BAUKNIGHT, Chief Bankruptcy Appellate Panel Judge;
APPLEBAUM and GREGG, Bankruptcy Appellate Panel Judges.

---

**COUNSEL**

---

**ON BRIEF:** Cynthia A. Jeffrey, KEITH D. WEINER & ASSOCIATES CO., L.P.A., Cleveland, Ohio, for Appellant. Charles J. Van Ness, VAN NESS LAW, Mayfield Heights, Ohio, for Appellee.

---

**OPINION**

---

JOHN T. GREGG, Bankruptcy Appellate Panel Judge. Days after receiving a discharge in chapter 7, Sharenne L. Tucker, the debtor-appellee (the "Debtor"), commenced a chapter 13 case. In her debt repayment plan, the Debtor proposed to keep her vehicle that was subject to the

lien of Santander Consumer USA Inc., the secured creditor-appellant ("Santander"). Section 1325(a)(5)(B)(i)(I) of the Bankruptcy Code[1] provides that unless a secured creditor accepts the plan, the secured creditor is entitled to retain its lien "until the earlier of . . . the payment of the underlying debt determined under nonbankruptcy law; or . . . discharge under section 1328." Because the Debtor was proposing to modify the contract rate of interest and section 1328(f) rendered her ineligible for a chapter 13 discharge, she could not technically satisfy section 1325(a)(5)(B)(i)(I). She therefore proposed a creative alternative: Santander would retain its lien until the completion of all plan payments, not the entry of the chapter 13 discharge.

Santander objected. It contended that the Debtor's plan contravened section 1325(a)(5)(B)(i)(I) by, in effect, rewriting the statute to include a provision found nowhere in its text. Without its acceptance, Santander argued, the Debtor's plan could not be confirmed as a matter of law. The bankruptcy court overruled Santander's objection and confirmed the plan.

Santander appealed. Applying the plain meaning of the statute, we REVERSE and REMAND to the bankruptcy court for further proceedings.

### ISSUE ON APPEAL

Santander timely filed its notice of appeal under Bankruptcy Rule 8002(a)(1) by identifying two orders related to confirmation of the Debtor's plan. In its statement under Bankruptcy Rule 8009(a)(1), Santander presented one issue, which can be paraphrased as follows: whether, absent acceptance by the holder of a secured claim or surrender of the property securing such claim, a bankruptcy court can confirm a chapter 13 plan that provides for the holder of the secured claim to retain its lien until the earlier of payment in full of the underlying debt under applicable non-bankruptcy law or completion of plan payments.

---

[1]The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*. Specific sections of the Bankruptcy Code are identified herein as "section ___." The Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq*. and are identified herein as "Bankruptcy Rule __." References to the bankruptcy case docket are designated "ECF No. ___." References to the BAP docket are designated as "BAP ECF No. ___."

## JURISDICTION

The Panel has jurisdiction to decide this appeal. *See* 28 U.S.C. § 158. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel. Gen. Order No. 1997-27 (N.D. Ohio July 9, 1997). Neither party to this appeal elected to have it heard by the district court. 28 U.S.C. § 158(b), (c); Fed. R. Bankr. P. 8005.

A bankruptcy court's final order may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). Orders in bankruptcy cases qualify as "final" when they definitively dispose of discrete disputes within the overarching bankruptcy case. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37, 140 S. Ct. 582, 586 (2020). Here, the bankruptcy court entered an order confirming the Debtor's proposed chapter 13 plan, which is a final order for purposes of appeal. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 502-04, 135 S. Ct. 1686, 1692-94 (2015).[2]

## STANDARD OF REVIEW

A matter of statutory interpretation (like the one before the Panel) involves only a question of law. *Ohio Adjutant Gen.'s Dep't v. Fed. Labor Rels. Auth.*, 21 F.4th 401, 407 (6th Cir. 2021). The Panel therefore applies a *de novo* standard of review, which requires an "appellate court [to] determine[] the law independently of the trial court's determination." *DaimlerChrysler Servs., N.A. LLC v. Taranto* (*In re Taranto*), 365 B.R. 85, 87 (B.A.P. 6th Cir. 2007) (citation omitted); *see Razavi v. C.I.R.*, 74 F.3d 125, 127 (6th Cir. 1996).

## FACTS

The facts are straightforward. Less than two years after purchasing a motor vehicle financed by Santander with interest accruing at the contract rate of 17.87%, the Debtor filed a petition for relief under chapter 7. The Debtor's "no-asset" chapter 7 case appears to have been

---

[2]The bankruptcy court entered two written decisions regarding confirmation – an opinion and order overruling Santander's objection to the Debtor's plan and, separately, an order confirming the Debtor's plan. In her appeal brief, the Debtor argues that Santander's appeal is interlocutory because it only appealed the bankruptcy court's decision to overrule its objection to confirmation, not the confirmation order itself. But Santander expressly identified and attached both written decisions when it filed its notice of appeal. Fed. R. Bankr. P. 8003(a)(3)(B), (4), (5); *see O'Hara v. Vara* (*In re O'Hara*), 167 F.4th 358, 365 (6th Cir. 2026) (stating that notices of appeal should be broadly construed). Accordingly, Santander appealed from a final order.

uneventful, as a discharge was entered only a few months after the petition date.  On May 24, 2025, two days after receiving her chapter 7 discharge, the Debtor filed a petition for relief under chapter 13.  The chapter 13 trustee subsequently filed a motion requesting that the bankruptcy court deem the Debtor ineligible for a discharge due to her recent chapter 7 discharge.  When no response to the motion was filed by the Debtor, the bankruptcy court entered an order directing the clerk of the court not to enter a discharge.[3]

According to the Debtor's chapter 13 schedules, Santander continued to hold a lien on the Debtor's vehicle after entry of the chapter 7 discharge.  Santander filed a proof of claim, asserting that it was a secured creditor owed approximately $36,000.[4]  As reflected in the proof of claim and the financing statement attached thereto, the Debtor agreed to pay Santander interest accruing at the rate of 17.87%.

The Debtor filed a chapter 13 plan in which she proposed to keep her vehicle by paying Santander's claim in full with interest accruing at a rate of 10%.  The Debtor subsequently filed a first preconfirmation plan amendment, again proposing to pay Santander's claim in full, albeit with interest at a rate of 9.5%.  Santander objected because the plan failed to "provide for creditor's lien retention until either payment in full under non-bankruptcy law, or upon discharge under Section 1328, as required pursuant to 11 U.S.C. § 1325(a)(5)(B)(i)."  (Obj. to Conf. at 1, ECF No. 29.)

After the Debtor and Santander submitted briefs, the Debtor filed another preconfirmation plan amendment.  Although this second plan amendment continued to treat Santander as a secured creditor whose claim would be paid in full with interest accruing at 9.5%, the Debtor included for the first time the following additional, nonstandard provisions in part 8.1:

1.  Debtor's Plan shall run sixty (60) months from entry of the Confirmation Order.
2.  The secured claim of Santander Consumer USA shall be allowed and paid in full as set forth in Part XXX 3.3 herein, and any unsecured claim filed by Santander Consumer USA shall be disallowed as discharged in Debtor's Chapter 7 Bankruptcy Case Number 24-10535 filed 2/15/2024 unless otherwise allowed by a separate order of the Court.

---

[3]Neither party disputes the bankruptcy court's determination.

[4]No objection to Santander's proof of claim was filed.  *See* 11 U.S.C. § 502(a) (deeming claim allowed unless a party in interest objects).

3. Santander Consumer USA shall retain the lien securing its claim set forth in part XXX 3.3 until the earlier of payment of the debt under non-bankruptcy law, or payment in full of its allowed secured claim under Part XXX 3.3 and completion of Debtor's Confirmed Plan in full.  Debtor received a discharge pursuant to 11 U.S.C. § 727 on May 22, 2024, and is not eligible to receive a discharge pursuant to 11 U.S.C. § 1328.

4. Santander Consumer USA shall satisfy and release its lien of record against the collateral set forth in Part XXX 3.3 upon payment of its allowed secured claim in full under Part XXX 3.3, and completion of Debtor's Confirmed Plan in full.

(Second Pre-Conf. Plan Am. at 5, ECF No. 46.)

On May 27, 2025, the bankruptcy court took confirmation of the plan under advisement and thereafter entered a written memorandum and order overruling Santander's objection.[5] Recognizing that the Sixth Circuit previously determined in *Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447 (6th Cir. 2009), that the provisions under section 1325(a) are "mandatory," the bankruptcy court confirmed the Debtor's plan, even though Santander would be required to release its lien upon completion of all plan payments, not the entry of the discharge under section 1325(a)(5)(B)(i)(I)(bb).  The bankruptcy court explained that "[t]he substance of Debtor's proposed Chapter 13 Plan meets all the requirements for confirmation.  To deny confirmation over lien retention language for an event that cannot occur would put form over substance.  There are occasions when form matters, but this is not one of them." (Mem. Op. at 7-8, ECF No. 49.)

Nine days later, the bankruptcy court entered an order confirming the Debtor's plan. Thereafter, Santander timely filed its notice of appeal.

---

[5]The parties did not file new or supplemental briefing after the Debtor filed her second preconfirmation plan amendment.  The bankruptcy court appears to have dispensed with oral argument regarding the Debtor's second preconfirmation plan amendment.

**DISCUSSION**

Subject to certain exceptions, an individual debtor can obtain a discharge of her debts through either liquidation or reorganization. Liquidation in chapter 7 and reorganization in chapter 13 involve different bargains. *See, e.g.*, *Hamilton v. Lanning*, 560 U.S. 505, 508, 130 S. Ct. 23, 23-24 (2010) (citations omitted). In chapter 7, a debtor "make[s] a clean break from [her] financial past, but at a steep price: prompt liquidation of the debtor's assets." *Harris v. Viegelahn*, 575 U.S. 510, 513, 135 S. Ct. 1829, 1835 (2015). In exchange, the debtor receives a discharge of her debts, subject to certain exceptions. *See, e.g.*, *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 (2007). Because a chapter 7 discharge "extinguishes *only* 'the personal liability of the debtor,'" a secured creditor, like Santander, retains its *in rem* interest in the debtor's property. *Johnson v. State Home Bank*, 501 U.S. 78, 83, 111 S. Ct. 2150, 2153 (1991) (quoting 11 U.S.C. § 524(a)(1)); *see also* 11 U.S.C. §§ 524(a)(2), 727(b).

Chapter 13, in contrast to chapter 7, allows a debtor to retain her property if she confirms a plan that provides for the repayment of debts over a three- to five-year period. *Harris*, 575 U.S. at 514. In chapter 13, a debtor is generally entitled to a discharge upon completion of her plan payments. 11 U.S.C. § 1328(a). However, when a chapter 13 debtor has received a chapter 7 discharge in a case commenced within the preceding four years, she is ineligible for a chapter 13 discharge. 11 U.S.C. § 1328(f); *see Carroll v. Sanders* (*In re Sanders*), 551 F.3d 397, 404 (6th Cir. 2008). A debtor who seeks relief under chapter 13 even though she is not eligible for a discharge "is known colloquially as a 'Chapter 20' debtor." *In re Cain*, 513 B.R. 316, 319 n.1 (B.A.P. 6th Cir. 2014); *see also Johnson*, 501 U.S. at 87 ("Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who has previously filed for Chapter 7 relief.").

The plan confirmation process is paramount in chapter 13. Section 1325, which is entitled "Confirmation of plan," states when a bankruptcy court "'shall' and 'may not' confirm a plan." *Hamilton*, 560 U.S. at 508. Section 1325(a)(1) requires that a plan comply "with the provisions of [chapter 13] and with the other applicable provisions of [the Bankruptcy Code]." Section 1325(a)(5) is one of those provisions. It addresses secured claims by providing that a plan must be confirmed if:

(5) with respect to each allowed secured claim provided for by the plan—

  (A) the holder of such claim has accepted the plan;

  (B) (i) the plan provides that—

    (I) the holder of such claim retain the lien securing such claim until the earlier of—

      (aa) the payment of the underlying debt determined under nonbankruptcy law; or

      (bb) discharge under section 1328; and

    (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;

 . . . or

  (C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5); *see also* 11 U.S.C. § 1322(b)(2), (5) (allowing for the modification of a secured creditor's claim in a plan).

Section 1325(a)(5) thus sets forth only three options for dealing with allowed secured claims. *Assocs. Com. Corp. v. Rash*, 520 U.S. 953, 957, 117 S. Ct. 1879, 1882 (1997). The secured creditor can accept the debtor's plan. *Id.* (citing 11 U.S.C. § 1325(a)(5)(A)). The debtor can surrender the property to the secured creditor. *Id.* (citing 11 U.S.C. § 1325(a)(5)(C)). Or, the debtor can "cram down" the secured creditor by:

> [keeping] the property over the objection of the creditor; the creditor retains the lien securing the claim . . . and the debtor is required to provide the creditor with payments, over the life of the plan, that will total the present value of the allowed secured claim, *i.e.*, the present value of the collateral.

*Id.* (citing 11 U.S.C. § 1325(a)(5)(B)).

Cram down can be accomplished in several ways. *See In re Taranto*, 365 B.R. at 90 ("*Any plan that seeks to modify a secured creditor's rights over its objection is a cram down . . . .*").[6] Relevant to the present appeal, a debtor can cram down a secured creditor by modifying the interest rate. *McDonald v. Chambers* (*In re Chambers*), 838 F. App'x 979, 981 (6th Cir. 2021) (citing *Till v. SCS Credit Corp.*, 541 U.S. 465, 476, 124 S. Ct. 1951, 1959 (2004)).

Section 1325(a)(5)(B) serves as a temporal protection for a secured creditor. *See also Bartenwerfer v. Buckley*, 598 U.S. 69, 72, 143 S. Ct. 665, 670 (2023) (stating that Congress intended for the Bankruptcy Code to "strike[] a balance between the interests of insolvent debtors and their creditors"). It provides that a secured creditor is entitled to retain its lien "*until the earlier of*" payment of the underlying debt in accordance with applicable non-bankruptcy law or entry of the chapter 13 discharge. 11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa), (bb) (emphasis added). However, because a chapter 20 debtor is ineligible for a discharge under section 1328(f), she will never be able to comply with section 1325(a)(5)(B)(i)(I)(bb). Thus, at least according to a strict reading of the statute, a secured creditor who does not accept the plan of a chapter 20 debtor must be paid in full under applicable non-bankruptcy law (*e.g.*, the contract rate of interest or the post-judgment interest rate).

With this statutory framework in mind, we turn to the substance of the present appeal. Santander argues in its appeal brief that the bankruptcy court erred as a matter of law by confirming a plan that, in effect, rewrote section 1325(a)(5). According to Santander, it was entitled to have its allowed claim paid in full under applicable non-bankruptcy law before being required to release its lien because the Debtor was ineligible for a chapter 13 discharge under section 1328(f). Santander therefore contends that, absent its acceptance, section 1325(a)(B)(i)(I) precluded the

---

[6]Another prevalent type of cram down involves the bifurcation of a secured claim under section 506(a), sometimes referred to as a "strip down." *In re Taranto*, 365 B.R. at 89; *cf. In re Cain*, 513 B.R. at 319 (explaining that the holder of a wholly unsecured claim is subject to "strip off" under section 506(a)). As part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress proscribed the bifurcation of a secured creditor's claim in "an unnumbered paragraph—commonly referred to as the 'hanging paragraph'—at the end of [section] 1325(a)." *Shaw*, 552 F.3d at 451. The hanging paragraph applies to, among other things, a purchase money security interest in a debtor's motor vehicle if the underlying debt was incurred within 910 days of the petition date, known as a 910-claim. *In re Taranto*, 365 B.R. at 89 n.3. There is no dispute that Santander held an allowed 910-claim which was not subject to bifurcation in the Debtor's plan.

bankruptcy court from confirming a plan that deviates from the statute's terms in any material way.

The Debtor has a different interpretation, of course. She contends in her appeal brief that because section 1325(a)(5)(B) is silent regarding a secured creditor's retention of its lien when a debtor is ineligible for a discharge, the bankruptcy court did not confirm a plan that improperly modified the text of the Bankruptcy Code. Rather, the Debtor argues that the bankruptcy court prudently and practically filled a statutory gap when it confirmed the Debtor's plan over Santander's objection. Implicitly suggesting that section 1325(a)(5)(B) is ambiguous under the circumstances, she advocates for a more holistic interpretation by directing us to section 1325(a)(1).

We begin, as we must, with the plain meaning of the statutory text. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S. Ct. 755, 760 (1999) (citation omitted). The United States Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 1149 (1992) (citations omitted).

Section 1325(a)(5)(B)(i)(I), by its plain, unambiguous terms, requires that a secured creditor either retain its lien until its allowed secured claim is paid in full under applicable non-bankruptcy law or the discharge is entered under section 1328. *See, e.g.*, *Bank of the Prairie v. Picht* (*In re Picht*), 428 B.R. 885, 890 (B.A.P. 10th Cir. 2010) (noting that because the debtors were not entitled to a chapter 13 discharge, their only option was to propose a plan that complied with subsection (aa)); *In re Donnadio*, 608 B.R. 507, 510-12 (B.A.P. 6th Cir. 2019) (reversing bankruptcy court's decision to confirm a plan that failed to expressly provide that the creditor would retain its lien until the debtors either paid the claim in full under non-bankruptcy law or received a discharge under section 1328). Those are the only two possible events in the text of section 1325(a)(5)(B) that trigger the release of a secured creditor's lien.

The "Rules of construction" in section 102 reinforce this point. Section 1325(a)(5)(B)(i)(I)(aa) and (bb) are grammatically separated by the disjunctive term "or," which is defined to mean "not exclusive." 11 U.S.C. § 102(5). As the legislative history to section 102(5) explains, "if a party 'may do (a) or (b)', then the party may do either or both. The party is not limited to a mutually exclusive choice between the two alternatives." S. Rep. 95-989, at 28 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5814. Accordingly, the term "or" as found in section 1325(a)(5)(B)(i)(II) required the Debtor to include both provisions in her plan and satisfy at least one of them if she wanted to keep her vehicle over Santander's objection.

Viewed from another angle, if Congress had intended for section 1325(a)(5)(B)(i)(I)(aa) and (bb) to be merely illustrative, it could have inserted the term "including," not "or," into the text, as it has done with numerous other sections of the Bankruptcy Code. *Compare* 11 U.S.C. § 102(3) ("'includes' and 'including' are not limiting") *with* 11 U.S.C. § 102(5). *See, e.g.*, 11 U.S.C. §§ 105(d)(2), 503(b), 707(a), 1115(a), 1125(a), 1307(c). But Congress did not do that. Instead, Congress's use of the term "or" was a deliberate decision to deprive a bankruptcy court of any discretion to enlarge the text. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 647-48, 132 S. Ct. 2065, 2072 (2012) (stating that plan proponents are required to satisfy one of three clauses of section 1129(b)(2)(A) that are separated by "or" when cramming down a secured creditor).

Simply put, without Santander's acceptance, the Debtor was not permitted modify the text of section 1325(a)(5)(B)(i)(I) by essentially adding "(cc) completion of all payments under the plan," a non-existent provision. *See Lamie v. U.S. Tr.*, 540 U.S. 526, 538, 124 S. Ct. 1023, 1032 (2004) (instructing that courts should not read absent words into an unambiguous statute to enlarge its text). The bankruptcy court therefore improperly confirmed a plan that altered section 1325(a)(5)(B)(i)(I) by removing one of its provisions and replacing it with a new one.**[7]**

---

**[7]**The legislative history further strengthens our conclusion. Prior to enactment of BAPCPA, the Bankruptcy Code required that a "plan provide[] that the holder of [a secured] claim retain the lien," giving the bankruptcy court significant discretion to consider when the lien would be released based on whether the plan was proposed in good faith. 11 U.S.C. § 1325(a)(5)(B)(i) (1998); *see* 11 U.S.C. § 1325(a)(3). With BAPCPA, Congress largely intended to remove the discretion of a bankruptcy court in chapter 13 by standardizing what it called "fair treatment" for secured creditors. Pub. L. No. 109-8, § 306(a), 119 Stat. 23 (2005); *see In re Picht*, 428 B.R. at 891 n.32. BAPCPA also introduced section 1328(f). Pub. L. No. 109-8, § 312(2), 119 Stat. 23 (2005); 11 U.S.C. § 1328(f). Congress made

Our plain meaning analysis comports with the Sixth Circuit's binding precedent in *Shaw*. In that case, the debtor's plan proposed to bifurcate a 910-claim, which precipitated objections from the chapter 13 trustee and the secured creditor. *Shaw*, 552 F.3d at 449. The bankruptcy court sustained the objections and denied confirmation. *Id*. On appeal, the debtor argued that although the hanging paragraph under section 1325(a) proscribes bifurcation, a bankruptcy court nonetheless has discretion to confirm a plan that is "fair and equitable." *Id*. at 449, 452, 455. The Sixth Circuit was not persuaded. *Id*. at 456 (citing *Till*, 541 U.S. at 468; *Rash*, 520 U.S. at 956; *Johnson*, 501 U.S. at 87-88). It held that "[t]he provision*s* in [section 1325(a)] are *mandatory requirements* for confirmation of a proposed plan under Chapter 13 of the Bankruptcy Code and . . . a bankruptcy court has no discretion to confirm a plan which does not comply with those requirements." *Id.* at 462 (emphasis added); *cf*. *RadLAX Gateway Hotel*, 566 U.S. at 647-48 (applying a similar interpretation to section 1129).

Pointing to *Shaw*, the bankruptcy court correctly observed that section 1325(a) is "mandatory" and that the "Debtor's plan must fully satisfy § 1325(a)(5)(B) to achieve confirmation over [Santander's] objection." (Mem. Opinion at 5, ECF No. 49.) Notwithstanding *Shaw*, the bankruptcy court concluded (without citing to any authority) that form should not be elevated over substance.[8] According to the bankruptcy court, it was appropriate to supplement section 1325(a)(5)(B)(i)(I) because the Debtor is not eligible for a chapter 13 discharge.

We view *Shaw* as controlling. The Sixth Circuit unequivocally stated that a bankruptcy court has "no discretion" to depart from the mandatory provisions in section 1325(a). *Shaw*, 552 F.3d at 449, 462. To comply with the plain meaning of section 1325(a)(5)(B)(i)(I) and *Shaw*, the Debtor's plan needed to, but did not, provide that Santander would retain its lien until one of two

---

these amendments in the same act and with a cross reference from section 1325(a)(5)(B)(i)(I)(bb) to section 1328(f), so we infer that Congress was well aware of the consequences of its statutory scheme.

[8]In its opinion and confirmation order, the bankruptcy court did not expressly rely on section 105(a) or even a court's inherent equitable powers when it confirmed the Debtor's plan. Nor could it. Because section 1325(a)(5)(B)(i)(I) provides that a secured creditor is entitled to retain its lien until the earliest of only two events, a bankruptcy court cannot use its "discretionary powers to reach results that are inconsistent with the *clear* meaning of the Bankruptcy Code." *Brown v. Ellman* (*In re Brown*), 851 F.3d 619, 625 (6th Cir. 2017) (citing *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 119 (2014)).

events occurred. *See In re Picht*, 428 B.R. at 890; *In re Donnadio*, 608 B.R. at 510-12.[9] For reasons unclear to us, the bankruptcy court treated the provisions of section 1325(a) as discretionary rather than mandatory by allowing the Debtor to add a third event found nowhere in the text of section 1325(a). Applying the Sixth Circuit's holding in *Shaw*, we conclude that the bankruptcy court contravened section 1325(a)(5)(B)(i)(I) when it overruled Santander's objection and confirmed the Debtor's plan.

In her appeal brief, the Debtor urges us to examine the statutory scheme on a more holistic level. She argues that "the plain meaning of Section 1325 is not so clear when considering all Bankruptcy Code provisions as required by Section 1325(a)(1)." (Appellee Br. at 20, BAP ECF No. 20.) According to the Debtor, section 1325(a)(1) allows a bankruptcy court to deviate from the text of section 1325(a)(5)(B)(i)(I) when a debtor is ineligible for a discharge under section 1328(f). We find the Debtor's argument to be unavailing for several reasons.

First, the plain meaning of the text dictates the outcome of this appeal, as we have already explained. *See supra* at pp. 9-10. Second, section 1325(a)(1) provides that a plan must be confirmed if it "complies with the provisions of [chapter 13] and with the other applicable provisions of this title." The Debtor, however, never identifies in her appeal brief which specific provision of the Bankruptcy Code would be violated if a chapter 20 debtor is required to strictly adhere to section 1325(a)(5)(B)(i)(I). Moreover, section 1325(a)(1) actually cuts against the Debtor's argument. It prohibits a bankruptcy court from confirming a plan that does not comply with the provisions of chapter 13, including section 1325(a)(5)(B)(i)(I). *See Shaw*, 552 F.3d at 455-56 (citations omitted). Finally, just because a debtor is ineligible for a discharge under section 1328(f) does not render the text of section 1325(a)(5)(B)(i)(I) superfluous, absurd, or nullify it in any way. After all, Congress used the disjunctive "or" to prescribe another means by which a

---

[9]The Debtor directs us to *In re Cain*, 513 B.R. at 316, 324, as support for her argument that a bankruptcy court can confirm a chapter 20 debtor's plan that deviates from the text of section 1325(a)(5)(B)(i)(I). In that case, the panel held that a creditor could be compelled to release its lien even when a debtor is ineligible for a discharge if the debtor is able to "strip off" the creditor's wholly unsecured lien. *Id*. at 322. The panel explained that because "the wholly unsecured status of [the creditor's] claim, rather than the [debtor's] eligibility for a discharge, is determinative," the requirements of section 1325(a)(5) do not apply. *Id*. (citing *Lane v. W. Interstate Bancorp* (*In re Lane*), 280 F.3d 663, 669 (6th Cir. 2002)). Here, Santander was indisputably a secured creditor entitled to the protections of section 1325(a)(5). *See supra* at n.6. We therefore find *In re Cain* to be inapposite in the context of this appeal.

chapter 20 debtor can obtain a release of the lien: payment of the underlying debt in accordance with applicable non-bankruptcy law.  11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa).[10]

In the context of this appeal, the Debtor had only one option under section 1325(a)(5)(B)(i)(I).  Absent Santander's acceptance, the Debtor needed to pay Santander's allowed claim in full under applicable non-bankruptcy law to trigger the release of its lien.  While the bankruptcy court's decision might arguably make practical sense, "[t]here is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted."  *Lamie*, 540 U.S. at 538.  Here, because the statute is plain and unambiguous, the bankruptcy court had no gap to fill.  And to the extent that the plain meaning of section 1325(a)(5)(B)(i)(I) results in a less than desirable outcome for a chapter 20 debtor, it is a matter for Congress, not the courts, to address.  *See id*. at 542.

## CONCLUSION

Absent a secured creditor's acceptance, section 1325(a)(5)(B)(i)(I) is mandatory.  We therefore REVERSE the bankruptcy court's decision and REMAND the matter for further proceedings consistent with this Opinion.

---

[10]A chapter 20 debtor may still obtain other forms of relief under chapter 13.  *See, e.g.*, *Johnson*, 501 U.S. at 87; *In re Sanders*, 551 F.3d at 402.  And no debtor is forced to commence a case under chapter 13 after obtaining a chapter 7 discharge.  *See Harris*, 575 U.S. at 521 (recognizing that chapter 13 is voluntary).