**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 14a0091n.06**

**No. 13-1700**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: DIANNE D. BALDRIDGE and JOSEPH J. BALDRIDGE,<br><br>Debtors.<br><br>─────────────────────<br><br>JOSEPH J. BALDRIDGE and DIANNE D. BALDRIDGE,<br><br>Appellants,<br><br>v.<br><br>DOUGLAS STANLEY ELLMANN, Chapter 7 Trustee,<br><br>Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **FILED**<br>Feb 03, 2014<br>DEBORAH S. HUNT, Clerk<br><br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br><br>**O P I N I O N** |

BEFORE: ROGERS, McKEAGUE and WHITE, Circuit Judges.

**PER CURIAM.** This is an appeal from the district court's affirmance of the bankruptcy court's disallowance of debtors' claimed residence or homestead exemptions under 11 U.S.C. § 522(d)(1) in the aggregate amount of $21,600. The bankruptcy court disallowed debtors' exemptions, first, because their interests were subordinate to the two secured creditors' mortgage liens, which were not fully satisfied by the proceeds from the sale of the property. That is, there were no residual proceeds from which debtors' exemptions could be satisfied. The bankruptcy court also ruled that the $28,000 closing costs recovered by the Trustee under 11 U.S.C. § 506 (c) pursuant

to the sales agreement did not constitute equity in the property subject to debtors' exemptions.

Debtors Joseph and Dianne Baldridge contend the bankruptcy court erred by failing to recognize that their foreclosure-related right of redemption under state law was an equitable interest with value. They argue the $28,000 recovered by the Trustee from the second mortgage creditor, Fifth Third Bank, should be deemed consideration for the surrender of debtors' right of redemption. As such, debtors contend, the $28,000 recovered by the Trustee should be deemed property of the estate subject to their claimed exemptions.

The record presents no dispute of fact. The district court's affirmance of the bankruptcy court's disallowance of the exemptions is a ruling on a matter of law which we review de novo, *In re Darrohn*, 615 F.3d 470, 474 (6th Cir. 2010), without deference to the district court's analysis, *In re Cook*, 457 F.3d 561, 565 (6th Cir. 2006). Having duly considered the district court's opinion and the bankruptcy court's bench ruling, we find no error. Debtors' appellate arguments fail to undermine the integrity of the lower courts' reasoning in any way.

The district court correctly held that the $28,000 "carve out" itself, recovered by the Trustee upon closing the sale of debtors' property, was not part of the estate that could be subject to debtors' exemptions at the time the bankruptcy case was commenced. There is no factual support for debtors' supposition—contrary to the representations of both the Trustee and counsel for Fifth Third Bank at the bankruptcy court hearing, and the finding of the bankruptcy court—that the sum of $28,000 actually reflects the value of debtors' right of redemption paid to the Trustee in exchange for his agreement to waive the right. Nor is there any dispute that the Trustee had the authority to

waive the right of redemption as a condition of the sale of the property. Further, irrespective of the reason for which Fifth Third Bank agreed to remit the $28,000 portion of its recovery to the Trustee, it is undisputed that the net sale proceeds payable to Fifth Third Bank after satisfaction of the debt owed to the first mortgage creditor left a deficiency of over $200,000 on the balance owed to Fifth Third Bank. Hence, inasmuch as the sale proceeds were insufficient to satisfy the prior obligations owed to the secured creditors, there was no residual equity in the property to which debtors' exemptions could attach. Debtors' novel arguments to the contrary lack both factual and legal support.

Accordingly, on de novo review, we find no error in the district court's affirmance of the bankruptcy court's ruling. We therefore **AFFIRM** based on the reasoning in the district court's opinion.