RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0062p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

IN RE: SUSAN G. BROWN,

*Debtor.*

_____

SUSAN G. BROWN,

*Appellant,*

*v.*

DOUGLAS ELLMANN,

*Appellee.*

No. 16-1967

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:15-cv-11017—Denise Page Hood, Chief District Judge.

United States Bankruptcy Court for the
Eastern District of Michigan at Detroit.
No. 14-48421—Marci B. McIvor, Judge.

Decided and Filed:  March 20, 2017

Before:  MERRITT, KETHLEDGE, and WHITE, Circuit Judges.

---

## COUNSEL

**ON BRIEF:**  Gary Boren, Westland, Michigan, for Appellant.  Douglas S. Ellmann, ELLMANN & ELLMANN, P.C., Ann Arbor, Michigan, for Appellee.  Tara A. Twomey, NATIONAL CONSUMER BANKRUPTCY RIGHTS CENTER, San Jose, California, for Amicus Curiae.

---

**OPINION**

---

MERRITT, Circuit Judge. This appeal centers upon a bankruptcy court order denying Chapter 7 Debtor-Appellant, Susan G. Brown, an exemption under 11 U.S.C. § 522[1] on the basis of the value of her state-law redemption rights in a piece of real property sold by Trustee-Appellee, Douglas Ellmann, on behalf of Brown's bankruptcy estate. We **AFFIRM** the bankruptcy court's denial of Brown's proposed exemption because she lacked any equity in the property after the sale—that is, the property sold for substantially less than the value of the secured claims on the property.

**I.**

In 2014, Brown filed a voluntary petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code. In an attachment to her original petition, Brown disclosed her ownership of a residence in Ypsilanti, Michigan. The home—valued at $170,000—was subject to $219,000 in secured mortgage claims held by two separate creditors. Brown's initial petition stated her intent to surrender her residence to the bankruptcy estate and did not claim any exemptions for the value of her redemption rights under Michigan law. The bankruptcy court granted Brown a discharge in August of 2014.

After the filing of the bankruptcy petition, the Trustee sought the court's permission to sell the Ypsilanti property for $160,000 and to distribute the proceeds of the sale among Brown's creditors and the various professionals involved in selling the home. Brown objected to the Trustee's request and sought to amend her initial disclosures to claim exemptions for the value of the redemption rights she enjoyed under Michigan law. *See* Mich. Comp. Laws § 600.3240. Specifically, she sought exemptions in the amount of $11,475 under § 522(d)(1) and $11,675

---

[1]11 U.S.C. § 522 provides in relevant part: "The following property may be exempted under subsection (b)(2) of this section: (1) The debtor's aggregate interest, not to exceed $23,675 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . . (5) The debtor's aggregate interest in any property, not to exceed in value $1,250 plus up to $11,850 of any unused amount of the exemption provided under paragraph (1) of this subsection." 11 U.S.C. § 522(d) (footnotes omitted).

under § 522(d)(5).  The bankruptcy court granted the Trustee permission to sell the property and denied Brown's requested exemptions.

Brown appealed the bankruptcy court's order to the district court.  The district court affirmed, citing this court's decision in *Baldridge v. Ellmann (In re Baldridge)*, 553 F. App'x 598 (6th Cir. 2014).  This appeal followed.

## II.

At the outset, the Trustee argues that this court lacks jurisdiction to hear Brown's appeal on two grounds.  First, the Trustee argues that the case before us is moot on constitutional, statutory, and equitable grounds.  Second, he argues that Brown lacks appellate standing because she lacks a pecuniary interest in the distribution of her assets among her creditors.  We hold that the case is not moot and that Brown has standing to appeal the order of the bankruptcy court.

### A.  *Mootness*

The Bankruptcy Code declares a specific, statutory mootness rule that extends beyond the mootness analysis under Article III's "case or controversy" requirement.  Specifically, 11 U.S.C. § 363(m) provides:

> The reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Under § 363(m), appeals from a bankruptcy court's decision to grant the trustee authority to sell certain property are moot if the appellant has failed to obtain a stay from the bankruptcy court's order and the trustee has already conveyed the property to a bona fide purchaser for value. *Official Comm. of Unsecured Creditors v. Anderson Senior Living Prop., LLC (In re Nashville Senior Living, LLC)*, 620 F.3d 584, 591 (6th Cir. 2010).  This mootness rule applies "regardless of the merits of legal arguments raised against" the bankruptcy court's order and functions to "encourage participation in bankruptcy asset sales and increase the value of the property of the estate by protecting good faith purchasers from modification by an appeals court of the bargain struck with the [trustee]." *Id.* (internal quotation marks and citations omitted).

A "majority of our sister circuits construe § 363(m) as creating a *per se* rule automatically mooting appeals for failure to obtain a stay of the sale at issue." *Parker v. Goodman (In re Parker)*, 499 F.3d 616, 621 (6th Cir. 2007). At least two other circuits require the party alleging mootness to prove an additional element: that the reviewing court is unable to "grant effective relief without impacting the validity of the sale." *Id.*; *see In re ICL Holding Co.*, 802 F.3d 547, 554 (3d Cir. 2015) (holding § 363(m) inapplicable despite failure to obtain a stay when funds remained in escrow for payment of administrative fees and unsecured claims); *C.O.P. Coal Dev. Co. v. C.W. Mining Co. (In re C.W. Mining Co.)*, 641 F.3d 1235, 1239 (10th Cir. 2011) (same when state law provided for equitable relief in the form of a constructive trust on the proceeds of the conveyance at issue).

The panel in *In re Nashville Senior Living* noted that "[t]his court has not yet committed to following one or the other of these two approaches," and refrained from deciding the issue because there was no way to fashion relief without materially altering the transaction in that case. *In re Nashville Senior Care*, 620 F.3d at 593 n.3. We decide that issue today. Because there is no question that Brown failed to obtain a stay of the sale of the Ypsilanti property and because we might well be able to issue relief that would not disturb the bargain struck with the good faith purchaser—whether by redistributing money still in escrow or by imposing a constructive trust on the proceeds of the sale—the answer to this question is central to the mootness analysis.

We adopt the approach of the Third and Tenth Circuits requiring parties alleging statutory mootness under § 363(m) to prove that the reviewing court is unable to grant effective relief without affecting the validity of the sale. This is the superior interpretation of § 363(m) as it accommodates the provision's clear preference in favor of upholding the validity of bankruptcy sales without unduly restricting the appellant's right to contest errors of law made by the bankruptcy court. Moreover, it is in line with the plain language of § 363(m), which prohibits reviewing courts from modifying or setting aside a sale of property purchased in good faith. The statute does not prevent a reviewing court from redistributing the proceeds from such a sale.

The Trustee bears the burden to prove that the case is actually moot. *See Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 945-46 (6th Cir. 2007). Here, the

Trustee's briefing does not indicate whether any proceeds from the sale of the Ypsilanti property remain accessible to the Trustee—whether in escrow or otherwise. Nor does it address whether Michigan law provides for equitable relief in cases involving conveyances to good-faith purchasers. Indeed, assuming Michigan law permits the imposition of a constructive trust over the assets flowing from the sale of Brown's residence, this court could order relief without disturbing the earlier conveyance. Accordingly, we hold that the Trustee has not carried his burden to demonstrate mootness under § 363(m).

Because this court is capable of issuing effective relief, we also hold that the Trustee has failed to prove that the case is moot under the narrower Article III standard. We do not address the Trustee's argument in favor of applying the prudential doctrine of equitable mootness to cases involving Chapter 7 debtors because he unduly delayed raising that issue until a sur-reply to an already-untimely amicus brief, which left Brown without the opportunity to meaningfully respond.

### B. *Standing*

The Trustee also claims that Brown lacks standing to pursue this appeal from the bankruptcy court's order. The standard used to determine if a party has standing to appeal a claim in the bankruptcy context is narrower than the constitutional standard under Article III. *Harker v. Troutman (In re Troutman Enters.)*, 286 F.3d 359, 364 (6th Cir. 2002). Under this narrower standard, a party may only appeal a bankruptcy court order if they have been "directly and adversely affected pecuniarily by the order." *Id.* (internal quotation marks and citations omitted). The Trustee charges that Brown lacks standing under that standard because she has no claim to the proceeds of the sale of the Ypsilanti property since she held no residual equity in the property. That characterization, however, misconstrues Brown's claim—she specifically appeals the bankruptcy court's order denying her request for exemptions under § 522 on the basis of the value of her redemption rights under Michigan law. If the bankruptcy court had granted her request, she would have been entitled to the exempted portion of the proceeds of the sale of the Ypsilanti property. Since the effect of the bankruptcy court's order was to deprive Brown of her purportedly exempted share of the proceeds from the sale of her residence, we hold that she has

been "adversely affected pecuniarily" by the bankruptcy court's order denying her request for exemptions and has standing to appeal. *Id.*

**III.**

The only issue remaining is whether the bankruptcy court erred in denying Brown's request for exemptions under § 522 of the Bankruptcy Code on the basis of the value of the redemption rights guaranteed to her under Michigan law. We review the legal conclusions of the bankruptcy court *de novo*, giving "no special deference to the district court's decision." *Caradon Doors & Windows, Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 447 F.3d 461, 463 (6th Cir. 2006). Because no equity remained in the Ypsilanti property after it was sold, we affirm the decision of the bankruptcy court.

*A. Brown's Redemption Rights Did Not Entitle Her to Exemption Under § 522*

In a decision relied upon by the bankruptcy court below, this court has previously affirmed a bankruptcy court's denial of an exemption under § 522 on the basis of redemption rights when the property was encumbered with security interests that eliminated any "residual equity" in the property. *In re Baldridge*, 553 F. App'x at 599. The court reasoned that any exemption on the basis of the value of the debtor's redemption rights must attach to some equity held by the debtor after satisfaction of the secured liens on the property. *Id.* Absent such equity, the debtor had no interest to which the claimed exemption could attach. *Id.*

While that unreported decision does not bind our decision in this case, the rule it announced is consistent with the decisions of other courts addressing similar facts. *Simonson v. First Bank of Greater Pittston (In re Simonson)*, 758 F.2d 103, 105-06 (3d Cir. 1985); *Drummond v. Urban (In re Urban)*, 375 B.R. 882, 885 n.7 (B.A.P. 9th Cir. 2007) ("Section 522(d) exempts the debtor's interest in property—not the property itself. The value that can be exempted is the unencumbered portion. Consequently, the amount of exemption available to a debtor is the lesser of either the equity in the property or the maximum amount of the applicable exemption."). It is also consistent with Congress's intent when it enacted § 522. *See In re Simonson*, 758 F.2d at 106 ("We have found no indication in the legislative history of section

522 suggesting that Congress intended it to be a means of creating equity, which did not otherwise exist, in property for the benefit of a debtor.").

Brown argues that the Supreme Court's recent decision in *Law v. Siegel*, 134 S. Ct. 1188 (2014), counsels in favor of a departure from the decision in *Baldridge*. We disagree. In *Law v. Siegel*, the Supreme Court addressed a situation in which the bankruptcy court used its equitable powers under 11 U.S.C. § 105(a) to approve a trustee's request to surcharge the debtor's undisputed $75,000 homestead exemption as reimbursement for more than $500,000 in fees associated with an investigation of the debtor's fraudulent conduct. *Id.* at 1193. In a decision reversing the bankruptcy court's approval of the surcharge, the Court held that the bankruptcy court lacked authority to surcharge the debtor's homestead exemption because the statute providing for that exemption expressly and unconditionally stated that exempt property was "not liable for payment of any administrative expense." *Id.* at 1195; 11 U.S.C. § 522(k) (homestead exemption). In short, the holding of *Law* is that the bankruptcy court may not use its equitable powers to contravene the express requirements of the Bankruptcy Code. *Id.*

Brown contends that the bankruptcy court's application of the "no equity-no exemption" rule here was invalid under *Law* because it was not drawn from the Bankruptcy Code and functioned to "defeat" the clear language of § 522(d). However, *Law* is not relevant to our analysis. Whereas *Law* addressed the extent of the bankruptcy court's discretionary powers under § 105(a), this case addresses the bankruptcy court's interpretation of a specific provision of the Bankruptcy Code. Brown is certainly convinced that the "clear language" of § 522(d) requires us to decide in her favor and that any contrary interpretation would "defeat" her rights under the Code. However, that proposition is far from obvious, especially in light of previous decisions of this court—and others—suggesting her purported rights do not actually exist. *Law* does not strip bankruptcy courts of their ability to interpret the Bankruptcy Code; it merely reinforces the common-sense notion that bankruptcy courts may not use their discretionary powers to reach results that are inconsistent with the *clear* meaning of the Bankruptcy Code. The parties disputed the applicability of § 522(d) in this case, and the bankruptcy court duly interpreted that provision. While the court's interpretation was not the one Brown would have

preferred, that does not mean the court lacked the power to interpret the statute in the first place. Accordingly, we find Brown's reliance on *Law* unpersuasive.

Since Brown points to no authority contrary to our holding in *Baldridge*, we adhere to the rule articulated in that case: Section 522 will not support an exemption on the basis of state-law redemption rights in a piece of property if the proceeds from the sale of that property are "insufficient to satisfy the prior obligations owed to the secured creditors." *Baldridge*, 553 F. App'x at 599. It is undisputed that the $160,000 in proceeds from the sale of the Ypsilanti property were insufficient to satisfy the $219,000 in secured claims held by the two mortgage creditors. Consequently, we affirm the bankruptcy court's denial of Brown's request for exemptions under § 522 on the basis of her redemption rights under Michigan law because there was no "residual equity" in the Ypsilanti property to which Brown's claimed exemptions could attach.

### B. Amici's Abandonment Argument Not Properly Before This Court

In a helpful brief submitted to this court, amici curiae question the propriety of the Trustee's decision to administer Brown's residence as part of the bankruptcy estate since it was fully encumbered by secured creditors. Specifically, amici suggest that decision was improper in light of this court's decision in *Hoehn v. McIntosh*, 110 F.2d 199, 202 (6th Cir. 1940), and the abandonment procedures codified at 11 U.S.C. § 554. However, the issue of abandonment was not raised below and was not adequately briefed by the parties on appeal. Accordingly, we hold that it is not properly before this court. *See Self-Ins. Inst. of Am., Inc. v. Snyder*, 827 F.3d 549, 560 (6th Cir. 2016) (quoting *Cellnet Commc'ns, Inc. v. FCC*, 149 F.3d 429, 443 (6th Cir. 1998)) ("[W]hile an amicus may offer assistance in resolving issues properly before a court, it may not raise additional issues or arguments not raised by the parties." (internal quotation marks omitted)).

## IV.

The bankruptcy court properly denied Brown's claim for an exemption under § 522 on the basis of the value of her state-law redemption rights in the Ypsilanti property because there

was no residual equity in the property upon which her claimed exemptions could attach. Accordingly, we **AFFIRM** the order of the bankruptcy court.